# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Robert Edward Cindrich,

    Petitioner,

v.

Minnesota, State of,

    Respondent.

Civ. No. 09-2296 (PJS/JJK)

**REPORT AND RECOMMENDATION**

---

Robert Edward Cindrich, #212381, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003-1490, *pro se*.

Thomas R. Ragatz, Esq., Assistant Ramsey County Attorney, counsel for Respondent.

---

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") (Doc. No. 3). The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, this Court recommends that the Petition be denied.

## BACKGROUND

On the night of March 31, 2003, Petitioner and his friend Chawtell Nestell were driving in St. Paul on the lookout for a middle-school-aged boy who had

been in an altercation with Petitioner's girlfriend's younger brother earlier in the day. *State v. Cindrich*, No. A07-0261, 2008 WL 2885706, at *1 (Minn. Ct. App. July 29, 2008). The Petitioner was 23 years old at the time. *Id.* at *3. Petitioner and Nestell saw four young boys walking down the street and pulled over next to them and then got out of the car and ran toward them. *Id.* at *1. The boy they were looking for escaped, but Nestell caught one of the other boys, 15-year-old Ben Doran. *Id.* Petitioner and Nestell then proceeded to beat young Doran, who was 5'7" tall and weighed 115 pounds, until he was unconscious. *Id.* at *1, *3. After the beating, which took place on the street, the two men left Doran lying in the street and departed in the car. *Cindrich*, 2008 WL 2885706, at *1. Paramedics arrived within a few minutes, but found Doran lying motionless in the street. (Doc. No. 8, Attach. 2 at 16.) He had no vital signs and was rushed to Regions Hospital where a trauma team was waiting, but he never regained consciousness and died four days later when taken off life support. (*Id.* at 16-17.)

Petitioner was charged with second-degree unintentional murder, a violation of Minn. Stat. § 609.19, subd. 2(1). *Cindrich*, 2008 WL 2885706, at *1. He pleaded guilty, and the State sought a sentence of 360 months imprisonment, an upward durational departure from the presumptive-guidelines sentence of 210 months imprisonment. *Id.* The state district court did, in fact, sentence Petitioner

to an executed term of 360 months in prison, finding that the upward durational departure was supported by aggravating factors including, *inter alia*, the vulnerability of the victim due to his young age and slight stature and the particular cruelty with which the victim was treated. *See id.*; (Doc. No. 8, Attach. 2 at 2 ¶ 2.) The district court also determined that the upward departure was warranted under the State of Minnesota's dangerous-offender statute, Minn. Stat. § 609.1095, subd. 2, because Petitioner was a dangerous felony offender and a danger to public safety based on his numerous previous convictions and juvenile adjudications, which included two or more prior convictions for violent crimes. (Doc. No. 8, Attach. 2 at 2-3 ¶ 3.)

Petitioner appealed. While Petitioner's appeal was pending, the United States Supreme Court released its opinion in *Blakely v. Washington*, 542 U.S. 296 (2004). *Cindrich*, 2008 WL 2885706, at *1. The Minnesota Court of Appeals determined that, like the sentencing departure in *Blakely*, both of the grounds relied on by the district court to support the upward departure in Petitioner's sentence (the presence of aggravating factors and Minn. Stat. § 609.1095, subd. 2) involved factual findings by the district court and thus remanded Petitioner's sentence for reconsideration in light of *Blakely*. (Doc. No. 8, Attach. 2 at 2-5, *State v. Cindrich*, No. A03-1786 (Minn. Ct. App. Aug. 18, 2004), Order op.)

On remand, the State again sought an upward durational departure. The trial court impaneled a sentencing jury which found the following aggravating factors:

> (1) [Doran] was particularly vulnerable because of his age and reduced physical capacity, which Cindrich knew or should have known; (2) [Doran] was treated with particular cruelty for which Cindrich should be held responsible; (3) Cindrich exhibited a lack of remorse; (4) Cindrich failed to render aid to [Doran] or to seek medical assistance; (5) the offense was planned; (6) Cindrich committed the offense as part of a group of three or more people who actively participated; (7) Cindrich intentionally selected [Doran] in whole or in part because of [Doran's] actual or perceived age; (8) the offense had a serious impact on the community; and (9) the offense had a serious impact on [Doran's] family.

See Cindrich, 2008 WL 2885706, at *2. Based on the jury's findings, the state district court again sentenced Petitioner to 360 months imprisonment. Id.

Petitioner again appealed, challenging the district court's reimposition of the enhanced sentence of 360 months. In the direct appeal to the Minnesota Court of Appeals, Petitioner's counsel raised an issue which may be viewed as involving a federal constitutional challenge. See id. at *4. He argued that Petitioner was "denied due process by the lack of instruction given to the sentencing jury defining the aggravating factor of 'particular cruelty' as well as the remaining factors." Id. Petitioner argued that terms such as "cruel" are vague, requiring definitional guidance to sentencing juries to insure consistent application of the law. Id. The Minnesota Court of Appeals concluded that it did

4

not have to address Petitioner's argument regarding the vagueness of the particular-cruelty instruction because it had already concluded that the jury's finding of the aggravating factor of vulnerability—that the victim was particularly vulnerable because of his age and reduced physical capacity—was amply supported and the district court did not abuse its discretion by departing upward durationally on that ground alone. *Id.* As far as Petitioner's argument that due process was denied Petitioner because of a lack of instruction given to the sentencing jury about the other aggravating factors, the Minnesota Court of Appeals determined that Petitioner failed to articulate any specific arguments regarding any ground other than particular cruelty and, thus, waived any jury-instruction challenge with respect to the other aggravating factors. *Id.*

In his *pro se* supplemental brief to the Minnesota Court of Appeals, Petitioner raised several additional arguments which also appear to have some federal constitutional dimension:

> (1) the resentencing hearing violated the Double Jeopardy Clause of the United States Constitution; (2) the district court lacked the authority to impanel a jury for the purpose of resentencing Cindrich because the legislature's 2005 amendments to Minn. Stat. § 244.10 only prospectively authorized the district court to convene a jury to make factual findings regarding aggravating factors; (3) the district court could not, after *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed2d 403 (2004), sentence him to anything but the presumptive sentence; (4) retroactive application of section 244.10 would violate the Ex Post Facto clauses of the United States and Minnesota constitutions; and (5) the resentencing jury system violated the Equal Protection clause of the United States

5

Constitution because of systemic underrepresentation of minority members of the population.

*Id.*

The Minnesota Court of Appeals determined that the Minnesota Supreme Court had already rejected, in prior cases, the first four of these arguments including the Minnesota Supreme Court's determination in *Hankerson v. State*, 723 N.W.2d 232, 240-41 (Minn. 2006), that, so long as the sentence ultimately imposed does not exceed the sentence imposed originally, the use of a sentencing jury to consider aggravating factors and a resentencing hearing does not violate the Double Jeopardy Clause of the United States Constitution,. *Cindrich*, 2008 WL 2885706, at *5 (citing *Hankerson*, 723 N.W.2d at 240-41). As far as the Equal Protection argument was concerned, the Minnesota Court of Appeals determined that Petitioner had failed to raise it before the district court and had failed to adequately support his assertions on appeal and, thus, the Equal Protection argument was waived. *Id.*

Petitioner filed a Petition For Review to the Minnesota Supreme Court but he only raised one issue involving a federal law or constitutional challenge: the claim that the trial court's failure to provide specific definitions of any of the aggravating factors for the jury violate Petitioner's right of due process. The Petition For Review was denied on October 21, 2008. *State v. Cindrich*, No. A07-261 (Minn. Oct. 21, 2008) (order denying pet. for further review),

http://macsnc.courts.state.mn.us/pubdocs/SC/Storage/ORA070261-1021.pdf. In this habeas Petition, Petitioner does not raise the particular due-process claim Petitioner asked the Minnesota Supreme Court to review.

## DISCUSSION

### I. Ground One: Constitutionality of Sentence

In Ground One Petitioner challenges the 150 months upward durational departure in the sentence imposed by the trial court. Petitioner argues that the "United States Supreme Court decision in *Blakely v.* . . . reveals that Petitioner's sentence is unconstitutional." (Doc. No. 1, Mem. in Supp. of Pet. for Writ of Habeas Corpus ("Pet'r's Mem."), 1.) As best this Court can discern, the gist of this argument is that when Petitioner was resentenced the district court could only depart from the presumptive, fixed sentence of 210 months based on facts admitted by Petitioner in his guilty plea. (*See id.* at 2 ("[T]he District Court was limited to the record made at Petitioner's plea hearing.").) In other words, when there has been no jury verdict about a defendant's guilt, the maximum sentence a judge may impose must be based solely on facts admitted by the defendant in the guilty plea or a defendant's Sixth Amendment rights will be violated.

Petitioner did not raise this constitutional claim to the Minnesota Supreme Court in his Petition for Review filed August 28, 2008, and, thus, it is an unexhausted claim. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring an applicant for

habeas relief to exhaust available state remedies). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). A petitioner must fairly present his federal claim to the state's highest court in order to preserve the claim for federal habeas review. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Krimmel v. Hopkins*, 56 F.3d 873, 876 (8th Cir. 1995) (noting that a claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of the claim") (quotations omitted).

Moreover, Petitioner's claim that his Sixth Amendment rights were violated is meritless. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") *Blakely* does not require that a judge may only rely upon facts admitted by a defendant in a guilty plea when imposing an upward durational departure. In *Blakely*, the Supreme Court determined that the facts that supported the judge's finding that the defendant acted with deliberate cruelty were neither admitted by the defendant nor found by a jury. 542 U.S. at 303. Therefore, because the judge could not have imposed the "exceptional 90-month sentence" solely on the basis of the facts submitted in the guilty plea, the Supreme Court held that the state's

8

sentencing procedure did not comply with the Sixth Amendment. *Id.* at 305. Under *Blakely*, the judge's reasons for departing upward must be supported by facts that were found by a jury *or* admitted by the defendant. The Sixth Amendment does not foreclose the trial court from departing from sentencing guidelines when the defendant has not admitted the necessary facts in the guilty plea to substantiate that there are aggravating factors justifying the upward departure. What *Blakely* does require, and what happened in this case, is that this fact finding be done by a jury—a sentencing jury—convened for this purpose. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, and a fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.")

The remainder of Petitioner's Ground One argument is that there were no substantial and compelling circumstances to support the significant upward departure imposed in this case, but "a federal habeas court may not simply disagree with the state court's factual determinations." *See Thatsaphone v. Weber*, 137 F.3d 1041, 1046 (8th Cir. 1996). Moreover, this argument does not raise any issue of federal law or any constitutional grounds and, thus, is not cognizable in federal habeas. *See Schleeper v. Groose*, 36 F.3d 735, 737 (8th

9

Cir. 1994) ("In § 2254 proceedings, federal courts are limited to deciding whether a state conviction violated the federal Constitution or laws.").

## II.     Ground Two:  Sentencing Jury Challenge

In Ground Two Petitioner challenges "the Resentencing Court convening of the Sentencing Jury." (Pet'r's Mem. 7.)  As best this Court can discern, Petitioner makes the following arguments.  First, Petitioner rehashes the argument made in his Ground One that a resentencing jury should not have been convened to make any determination about the existence of the aggravating factors that would justify an upward durational departure.  (*Id.* at 14.)  Next, Petitioner argues that the Minnesota Legislature had not specifically authorized sentencing juries to engage in fact finding about aggravating factors when Petitioner was resentenced and, thus, the sentencing determination was not authorized by Minnesota law.  (*Id.* at 14-15.)  Third, Petitioner argues that convening a resentencing jury violated the "double jeopardy clauses of the federal and state constitutions."  (*Id*. at 17.)

As was the case with respect to Ground One, none of these claims was presented to the Minnesota Supreme Court in the Petition for Review of the Minnesota Court of Appeals decision filed August 28, 2008.  They were not preserved for federal habeas review and must be dismissed.  *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006) ("To preserve a claim for relief, a habeas

petitioner must have raised both the factual and legal bases of his claim to the state courts[.]") (quotations omitted).

Moreover, Ground Two of the Petition is meritless.  We have already determined, in connection with Ground One, that convening a resentencing jury in the circumstances of this case did not violate Petitioner's Sixth Amendment rights.  As far as Petitioner's argument that the Minnesota legislature had not authorized sentencing juries by the time of Petitioner's resentencing is concerned, this does not present an issue of federal law or raise a constitutional claim and, thus, it is not cognizable in habeas.[1]

Finally, the Minnesota Court of Appeals rejected Petitioner's claim that his resentencing hearing violated the Double Jeopardy Clause of the United States Constitution.  Relying upon *Hankerson v. State*, 723 N.W.2d 232, 240-41 (Minn. 2006), the Minnesota Court of Appeals concluded that the use of a sentencing jury to consider aggravating factors in a resentencing hearing does not violate the Double Jeopardy Clause, provided the sentence ultimately imposed does not exceed the sentence imposed originally.  *Cindrich*, 2008 WL 2885706, at *5.  Petitioner has not, and cannot, establish that this decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[1]  The Minnesota Supreme Court has dealt with this issue in prior decisions and has determined that the use of sentencing juries in circumstances such as those involved in this case does not violate Minnesota law.  *Hankerson v. State*, 723 N.W.2d 232 (Minn. 2006); *State v. Chauvin*, 723 N.W.2d 20 (Minn. 2006).

11

determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(a)(1). This claim is, thus, also meritless.

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 3), be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Date: February 23, 2010

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 9, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.