UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA

ROBERT EDWARD CINDRICH,                         Case No. 09-CV-2296 (PJS/JJK)

                    Petitioner,

v.                                              ORDER

STATE OF MINNESOTA,

                    Respondent.

Robert Edward Cindrich, pro se.

Thomas R. Ragatz, RAMSEY COUNTY ATTORNEY'S OFFICE, and Matthew Frank, MINNESOTA ATTORNEY GENERAL'S OFFICE, for respondent.

This matter is before the Court on petitioner Robert Edward Cindrich's objection to the February 23, 2010 Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes. The Court has reviewed de novo those portions of the R&R to which Cindrich has objected, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The Court overrules Cindrich's objection and adopts Judge Keyes's R&R.

Cindrich included in his objection two additional requests. First, he asks the Court to "stay the unexhausted issues" contained in his habeas petition so that he may exhaust them in state court. Obj. at 2. But staying the unexhausted claims would be futile because, as discussed by Judge Keyes in his R&R, Cindrich's unexhausted claims are plainly without merit. For that reason, the Court will deny Cindrich's habeas petition on the merits pursuant to 28 U.S.C. § 2254(b)(2), which provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

Second, Cindrich asks the Court to permit him to amend his habeas petition so that he may add the one claim that he previously presented to the Minnesota Supreme Court but which, for some reason, he chose not to include in his original habeas petition. Specifically, Cindrich asks to add a claim that the trial court's failure to define aggravating factors for his sentencing jury deprived him of due process. Cindrich apparently wishes to argue that, because the trial court did not instruct the sentencing jury on the meaning of such terms as "vulnerable" and "cruel," the sentencing hearing violated his rights under the Due Process Clause of the Fourteenth Amendment.

The Minnesota Supreme Court denied Cindrich's petition for further review on October 21, 2008. *State v. Cindrich*, No. A07-261 (Minn. Oct. 21, 2008) (order denying petition for further review), http://macsnc.courts.state.mn.us/pubdocs/SC/Storage/ORA070261-1021.pdf. Judgment was entered on October 29, 2008. *State v. Cindrich*, No. A07-261 (Minn. Oct. 29, 2008) (entry of judgment), http://macsnc.courts.state.mn.us/pubdocs/COA/Storage/JDA070261-1029.pdf. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.SC. § 2244(d)(1)(A), Cindrich was required to file his habeas petition within one year from the conclusion of direct review. Furthermore, Habeas Corpus Rule 2(c) required Cindrich to "specify all [available] grounds for relief" and to "state the facts supporting each ground" in his petition. Any claim not raised in Cindrich's original habeas petition is now barred by the one-year statute of limitations unless that claim "relates back" to the two claims that were included in the original petition (which was timely filed). *See Mayle v. Felix*, 545 U.S. 644 (2005); Fed. R. Civ. P. 15(c).

An amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650. To relate back, a claim "must be of the same 'time and type' as those in the original motion, such that they arise from the same core set of operative facts." *United States v. Hernandez*, 436 F.3d 851, 857 (8th Cir. 2006) (quoting *Mayle*, 545 U.S. at 650).

The claim that Cindrich proposes to add does not relate back to the claims that Cindrich made in the original petition. Cindrich's original petition contained two grounds for relief:

First, Cindrich argued that the 150-month upward departure imposed by the trial court on resentencing was illegal under state law and under the state and federal constitutions. For the most part, Cindrich's argument with respect to the first ground focused on the *substance* of his sentence. He argued at length, for example, that other defendants who had committed similarly heinous murders had received lesser sentences.

Second, Cindrich argued that the convening of a resentencing jury was for various reasons illegal under state law and under the state and federal constitutions. Cindrich essentially argued that a sentencing jury should not have been convened *at all*. Instead, according to Cindrich, he should have received a guidelines sentence, based on the admissions that he had made when pleading guilty.

The facts underlying each of these claims obviously differ in time and type from the jury-instruction claim that Cindrich now seeks to add. Because Cindrich's jury-instruction claim does

not relate back to the two claims that he made in his original petition, the jury-instruction claim is now time-barred.[1]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Cindrich's objection [Docket No. 10] and ADOPTS Judge Keyes's R&R [Docket No. 9]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Petitioner Robert Edward Cindrich's petition for a writ of habeas corpus [Docket No. 3] is DISMISSED WITH PREJUDICE.

2. No certificate of appealability will issue.

Dated: June 4, 2010

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge

---

[1] Cindrich has not argued that equitable tolling of AEDPA's one-year statute of limitations is warranted here.